UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM LYNN HEATH,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Warden, and KAMALA HARRIS, California Attorney General,<br><br>　　　　　　　　　　Respondents. | Case No.: 17cv2226-BAS(RBB)<br><br>**REPORT AND RECOMMENDATION FOR AN ORDER DISMISSING KAMALA HARRIS AS RESPONDENT AND GRANTING RESPONDENT KATHLEEN ALLISON'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 10]** |

Petitioner Adam Lynn Heath, a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1]. In his Petition, Heath alleges claims of sentencing errors by the sentencing court, ineffective assistance of trial counsel during plea negotiation and sentencing proceedings, ineffective assistance of appellate counsel, and improper denial of review by the California Supreme Court. (Pet. 6-9,[1] ECF No. 1.)

---

[1] All citations are to the page numbers assigned by the Court's Electronic Case Filing System.

1

17cv2226-BAS(RBB)

On April 19, 2018, Respondent Kathleen Allison[2] filed a Motion to Dismiss [ECF No. 10], and a Notice of Lodgment [ECF No. 11]. Petitioner's opposition to the motion was due on May 28, 2018. (See Order Granting Resp'ts Second Appl. Enlargement Time Respond Pet. 2, ECF No. 9.) To date, the Court has not received any opposition from Heath. The Petitioner also did not file any requests for enlargement of time.

The Court has reviewed the Petition, the Motion to Dismiss, the memorandum in support of the motion, and the lodgments. For the reasons discussed below, the Court **RECOMMENDS** that Kamala Harris be **DISMISSED** as a named Respondent and that Respondent Kathleen Allison's Motion to Dismiss be **GRANTED**.

## I. FACTUAL BACKGROUND

On June 24, 2014, a San Diego County Deputy Sheriff observed Heath running a red light in a Dodge Durango. (Lodgment No. 1, Clerk's Tr. vol. 1, 20-21 (Aug. 11, 2014) (probation officer's report).) The Deputy Sheriff attempted to stop the vehicle, but Petitioner fled. (Id. at 13-14 (June 26, 2014) (declaration).) Law enforcement officers pursued Heath for thirty-five miles at speeds reaching ninety miles per hour. (Id. at 13, 21-22.) Heath lost control of his vehicle when he drove the wrong way up a freeway off-ramp; the vehicle rolled multiple times and came to a rest on its roof. (Id. at 43, 46 (Aug. 28, 2014) (sentencing statement).) Petitioner and his female passenger were removed from the vehicle at gun point. (Id. at 22.) Shortly after the collision, a witness informed law enforcement officers that Heath's female passenger tossed a handgun from the vehicle during the pursuit. (Id.) An unloaded nine-millimeter firearm was recovered at the location reported by the witness. (Id.)

---

[2] Petitioner named Kathleen Allison, the Warden, and Kamala Harris, the California Attorney General, as Respondents. (See Pet., ECF No. 1.) The Motion to Dismiss was filed on behalf of Warden Allison. (See Mot. Dismiss Attach. #1 Mem. P. & A. 1, 10, ECF No. 10.) Nevertheless, as discussed below, the Attorney General of the State of California is not a proper Respondent in this action.

At the time of his arrest, Petitioner was on active probation and had numerous past convictions for weapons and drug-related offenses. (Id.) An inventory search of his vehicle revealed controlled substances and drug paraphernalia, including 33.7 net grams of black tar heroin, 29.83 net grams of methamphetamine, 12.4 net grams of cocaine, prescription pills, marijuana, a glass pipe, a hypodermic needle, and tin foil with burn marks. (Id. at 22, 46.) Additionally, the vehicle contained an unlocked metal suitcase with a fully loaded nine-millimeter handgun reported stolen from New Mexico, ammunition, a digital scale, 96 plastic baggies, and 54 balloons. (Id. at 22, 47.) The search also uncovered multiple personal identification cards belonging to individuals other than Petitioner and his female passenger, and receipts showing tens of thousands of dollars in transferred funds to Mexico. (Id. at 13, 22.) Heath's wallet contained $2,800 in cash. (Id. at 47.)

## II. PROCEDURAL BACKGROUND

On June 26, 2014, the San Diego County District Attorney's Office filed a ten-count information charging Adam Lynn Heath with transportation for sale of heroin in violation of California Health and Safety Code ("Health and Safety Code") section 11352(a) (count one); possession for sale of heroin in violation of Health and Safety Code section 11351 (count two); transportation for sale of cocaine in violation of Health and Safety Code section 11352(a) (count three); possession for sale of cocaine in violation of Health and Safety Code section 11351 (count four); transportation for sale of methamphetamine in violation of Health and Safety Code section 11379(a) (count five); possession for sale of methamphetamine in violation of Health and Safety Code section 11378 (count six); unlawful possession of a firearm in violation of California Penal Code ("Penal Code") section 29800(a)(l) (count seven); unlawful possession of ammunition in violation of Penal Code section 30305(a)(l) (count eight); unlawful use of personal identifying information of another in violation of Penal Code section 530.5(a) (count nine); and recklessly evading a police officer in violation of California Vehicle Code section 2800.2(a) (count ten). (Lodgment No. 1, Clerk's Tr. vol. 1, 1-5 (June 26, 2014)

(complaint-felony).) The complaint further alleged that in the commission of the offenses alleged in counts one through six, Petitioner was armed with a firearm. (Id. at 1-4.) On July 8, 2014, Heath pleaded guilty to all charges. (Id. at 16-18 (July 8, 2014) (plea of guilty/no contest-felony).) He also admitted that he had committed a prior strike offense and was armed with a firearm in the commission of the offenses charged in counts one through six. (Id. at 16.)

On January 6, 2015, Petitioner was sentenced to an aggregate term of nineteen years in state prison, consisting of six years on count one, three years for the firearm enhancement in count one, two years and eight months on count three, two years on count five, and consecutive terms of one year and four months each on counts seven through ten. (Lodgment No. 1, Clerk's Tr. vol. 1, 97-99 (Jan. 22, 2015) (abstract of judgment).) The sentencing court imposed and stayed the consecutive terms on the remaining counts and enhancements pursuant to Penal Code section 654. (Id. at 97.)

### A. Direct Appeal

On February 9, 2015, Heath appealed his convictions to the California Court of Appeal. (See Lodgment No. 3, Appellant's Opening Br., People v. Heath, No. D067544 (Cal. Ct. App. May 5, 2015).) He argued that the sentencing court erred in not staying, pursuant to Penal Code section 654, his sentence for unlawful possession of ammunition (count eight), and the three-year firearm enhancement relating to his conviction for transporting a controlled substance (count one). (Id. at 6-13.[3]) On September 18, 2015, the state appellate court found that the trial court erred in failing to stay Petitioner's sentence on count eight for unlawful possession of ammunition, reasoning that his "possession of weapons and ammunition at the same time and for the same purpose trigger[ed] the application of section 654." (Lodgment No. 6, People v. Heath, No. D067544, slip op. at 4 (Cal. Ct. App. Sept. 18, 2015).) The California Court of Appeal

---

[3] Because Lodgment Nos. 7, 9-10, 12, and 14 are not consecutively paginated, the Court has paginated the documents and will cite to the documents using the assigned page numbers.

further found that substantial evidence supported the trial court's implied finding that Heath possessed a firearm before transporting the controlled substance, and his intent to possess a firearm was separate from his intent to transport and sell drugs. (Id. at 6.) The appellate court concluded that the sentencing court did not err in imposing a separate punishment for the possession of a firearm on the felon-in-possession charge and the firearm enhancement on the transporting controlled substances charge. (Id.) The court entered the following order:

> The judgment is modified to stay under section 654, subdivision (a) the sentence on the possession of ammunition charge (count 8) and is affirmed as so modified. The superior court is directed to prepare an amended abstract of judgment and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

(Id.)

On October 20, 2015, Heath filed a petition for review with the California Supreme Court. (Lodgment No. 7, Petition for Review at 1-3, People v. Heath, [No. S229674] (Cal. Oct. 20, 2015).) He alleged the state appellate court only "affirmed as modified" the possession of ammunition charge, count eight, and did not rule on "other charges, as [Petitioner's] appellate attorney . . . evidently, failed to properly argue[.]" Heath also asserted that his appellate counsel rendered ineffective assistance. (Id. at 1-2.) The California Supreme Court denied the petition without comment or citation on November 24, 2015. (Lodgment No. 8, People v. Heath, No. S229674, order at 1 (Cal. Nov. 24, 2015).) After the case was remanded to the superior court for the issuance of a new abstract of judgment, on December 30, 2015, the superior court entered a new abstract of judgment, reducing Heath's prison sentence to seventeen years and four months. (Lodgment No. 9, People v. Heath, No. SCN333657 (Cal. Super. Ct. (Dec. 30, 2015) (abstract of judgment at 1.)

///
///
///

### B. State Habeas Corpus Proceedings

On June 13, 2016, Petitioner constructively filed a petition for writ of habeas corpus in the San Diego County Superior Court, which was docketed on June 18, 2016. (Lodgment No. 10, Heath v. Frauenheim, No. HCN1443 (Cal. Super. Ct. filed June 18, 2016) (petition for writ of habeas corpus).) Heath alleged the following claims: (1) sentencing error resulting from the imposition of the enhancement under Penal Code section 12022, (2) ineffective assistance of trial counsel pertaining to his plea agreement, and (3) ineffective assistance of appellate counsel. (Id. at 11-20.) The petition was denied on July 27, 2016. (Lodgment No. 11, In re Heath, [No.] HCN1443, order at 1-3 (Cal. Super. Ct. July 27, 2016).)

On August 31, 2016, Heath filed a petition for writ of habeas corpus in the California Court of Appeal, raising the same grounds as those raised in his petition to the Superior Court. (Lodgment No. 12, Heath v. Frauenheim, D070911 (Cal. Ct. App. filed Aug. 31, 2016) (petition for writ of habeas corpus at 3-4, 21-30).) The court of appeal denied the petition on September 2, 2016, finding that Petitioner's challenge of his three-year firearm enhancement was procedurally barred, and all of Petitioner's claims failed on their merits. (Lodgment No. 13, In re Heath on Habeas Corpus, D070911, order at 2 (Cal. Ct. App. Sept. 2, 2016).) On September 11, 2016, Heath constructively filed a petition for writ of habeas corpus in the California Supreme Court raising the same grounds. (Lodgment No. 14, Heath v. Frauenheim, No. S237247 (Cal. filed Sept. 15, 2016) (petition for writ of habeas corpus at 3-4, 27-36).) The petition included a "Request for Judicial Notice," arguing that Heath's ineffective assistance of counsel claims were not procedurally barred. (Id. at 9-10.) The California Supreme Court denied the petition on November 9, 2016, without citation or comment. (Lodgment No. 15, Heath on Habeas Corpus, No. S237247 (Cal. Nov. 9, 2016), California Courts, Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov/(visited July 24, 2018).)
///
///

### C. Federal Habeas Corpus Proceedings

Heath's federal habeas Petition was constructively filed on October 23, 2017.[4] (Pet. 11-12, ECF No. 1.) Petitioner brings the following claims: (1) "Sentencing errors concerning [Petitioner] being sentenced consecutively . . . [and] being charged and being allowed to plead to the enhancement [under Penal Code section] 12022(c)"; (2) ineffective assistance of trial counsel during plea negotiation and sentencing proceedings; (3) ineffective assistance of appellate counsel; and (4) improper denial of review by the California Supreme Court. (Id. at 6-9.)

## III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C.A. § 2244 (West 2018), applies to all federal habeas petitions filed after April 24, 1996. Woodford v. Garceau, 538 U.S. 202, 204 (2003) (citing Lindh v. Murphy, 521 U.S. 320, 326 (1997)). AEDPA sets forth the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.A. § 2254(a) (West 2018); see Reed v. Farley, 512 U.S. 339, 347 (1994); Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991). Because Heath's Petition was constructively filed on October 23, 2017, AEDPA applies to this case. See Woodford, 538 U.S. at 204.

///
///

---

[4] Although Heath's Petition is dated "11/23/17," it was filed and docketed on October 31, 2017. (See Pet. 11-12, ECF No. 1.) Therefore, there appears to be an error in the month when the Petition was signed. Nevertheless, whether the Petition was placed in the mail on October 23, instead of November 23, 2017, would not affect the outcome of this motion.

Section 2254(d) reads as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

To present a cognizable federal habeas corpus claim, a state prisoner must allege his conviction was obtained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). A petitioner must allege the state court violated his federal constitutional rights. Hernandez, 930 F.2d at 719; Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990).

A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (holding that federal habeas courts must respect a state court's application of state law); Jackson, 921 F.2d at 885 (explaining that federal courts have no authority to review a state's application of its law). Federal courts may grant habeas relief only to correct errors of federal constitutional magnitude. Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989) (stating that federal habeas courts are not concerned with errors of state law "unless they rise to the level of a constitutional violation").

The Supreme Court, in Lockyer v. Andrade, 538 U.S. 63 (2003), stated that "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1)—whether a state court

decision is contrary to, or involved an unreasonable application of, clearly established federal law." Id. at 71. In other words, a federal court is not required to review the state court decision de novo. Id. Rather, a federal court can proceed directly to the reasonableness analysis under § 2254(d)(1). Id.

The "novelty in . . . § 2254(d)(1) is . . . the reference to 'Federal law, <u>as determined by the Supreme Court of the United States</u>.'" Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 521 U.S. 320 (1997). Section 2254(d)(1) "explicitly identifies only the Supreme Court as the font of 'clearly established' rules." Id.

Furthermore, with respect to the factual findings of the trial court, AEDPA provides as follows:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254(e)(1).

## IV. DISCUSSION

As an initial matter, the Court notes that Petitioner named two Respondents in his Petition—Kathleen Allison, the Warden, and Kamala Harris, the California Attorney General. (See Pet. 1, ECF No. 1.) Rule 2 of the Rules Governing § 2254 Cases provides that the state officer having custody of the petitioner shall be named as respondent. See Rule 2(a), Rules Governing Section 2254 Cases, foll. 28 U.S.C.A. § 2254. "If the petitioner is not yet in custody—but may be subject to future custody—under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." Id. Rule 2(b). Heath is in custody and is currently serving his sentence. Because there is no basis for the Petitioner to have named the California Attorney

General as a Respondent, the Court **RECOMMENDS** dismissing Kamala Harris as a named Respondent to this action.

In her Motion to Dismiss, Respondent Allison moves to dismiss Heath's Petition as untimely. (Mot. Dismiss Attach. #1 Mem. P. & A. 5-10, ECF No. 10.) Allison asserts that the limitations period in this case started to run in February 2016, when Heath's state court judgment became final. (Id. at 6-7.) Respondent argues that although Petitioner is entitled to statutory tolling, the tolling does not render his claims timely. (Id. at 7-8.) She also contends that in this case, neither equitable tolling nor actual innocence, has been shown to avoid the bar of the statute of limitations. (Id. at 8-9.)

The statute of limitations for federal habeas corpus petitions is set forth in § 2244(d), which provides in relevant part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1).

/ / /

/ / /

10

17cv2226-BAS(RBB)

It is appropriate to dismiss a federal petition for writ of habeas corpus with prejudice when it was not filed within the AEDPA's one-year statute of limitations. Jiminez v. Rice, 276 F.3d 478, 482-83 (9th Cir. 2001). The statute of limitations is a threshold issue that courts may resolve before the merits of individual claims. See White v. Klitzkie, 281 F.3d 920, 921-22 (9th Cir. 2002).

AEDPA's one-year statute of limitations begins to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C.A. § 2244(d)(1)(A). United States Supreme Court Rule 13 provides that a petition for certiorari must be filed within ninety days of the entry of an order denying discretionary review by the state supreme court. See Sup. Ct. R. 13. When a habeas petitioner seeks discretionary review by the state's highest court but does not file a petition with the United States Supreme Court, the judgment becomes final when the prisoner's time to petition the Supreme Court expires. Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012); see also United States v. Winkles, 795 F.3d 1134, 1136 n.1 (9th Cir. 2015) (citing Clay v. United States, 537 U.S. 522, 532 (2003)) ("The time for filing a section 2255 motion is one year from the date on which the judgment of conviction becomes final. 28 U.S.C.A. § 2255(f)(1). This period includes the 90 days in which a defendant may petition for certiorari to the Supreme Court.").

The California Supreme Court denied Heath's petition for review on November 24, 2015, and he had ninety days, until February 22, 2016, to petition for a writ of certiorari in the United States Supreme Court, but did not do so. (See Lodgment No. 8, People v. Heath, No. S229674, order at 1.) Petitioner's judgment became final for the purposes of AEDPA on February 22, 2016. See Gonzalez, 565 U.S. at 149-50; Winkles, 795 F.3d at 1136 n.1; S. Ct. R. 13.

In this case, however, on December 30, 2015, after remand from the California Court of Appeal, (see People v. Heath, No. D067544, slip op. at 6), the superior court entered a new abstract of judgment, reducing Heath's prison sentence to seventeen years and four months, (Lodgment No. 9, People v. Heath, No. SCN333657 (abstract of

11

17cv2226-BAS(RBB)

judgment)). The relevant judgment, for purposes of determining the start of the one-year statute of limitations for filing a habeas petition under 28 U.S.C.A. § 2244(d)(1), is the judgment under which a prisoner is being held. Marquez v. McDaniel, 729 F. App'x 583, 584 (9th Cir. 2018) (citing Smith v. Williams, 871 F.3d 684, 688 (9th Cir. 2017)). "Where an amended or corrected judgment is entered, a prisoner is held under that amended or corrected judgment[,]" and "the one-year [statute of limitations] period runs from the date of the amended judgment . . . ." Id. (citing Smith, 871 F.3d at 688). Numerous district courts that applied Smith, 871 F.3d 684, found that the federal one-year limitation period under 28 U.S.C.A. § 2244(d)(1)(A) started to run after the expiration of the time to file a direct appeal from petitioner's amended judgment of conviction. See Anderson v. Baca, Case No. 3:16–cv–00545–MMD–WGC, 2018 WL 1307856, at *2 (D. Nev. Mar. 13, 2018) (finding that the one-year federal limitation period began to run after the expiration of the time period to appeal petitioner's intervening judgment); Duda v. Neven, 2:16-cv-01176-JCM-CWH, 2017 WL 4350662, at *2 (D. Nev. Sept. 29, 2017) (finding that the federal one-year limitation period did not begin to run until the expiration of the time period to file a direct appeal from petitioner's amended judgment of conviction); Gayler v. Neven, Case No. 2:15–cv–00972–APG–CWH, 2017 WL 4250049, at *2 (D. Nev. Sept. 20, 2017) (fining that the federal limitation period did not begin to run until the time period to file a direct appeal expired following the entry of petitioner's second amended judgment of conviction). In California, when a conviction is not appealed, it becomes final sixty days after sentencing. See Cal. R. Ct. 8.308(a) ("[A] notice of appeal and any statement required by Penal Code section 1237.5 must be filed within 60 days after the rendition of the judgment or the making of the order being appealed."); Roberts v. Marshall, 627 F.3d 768, 771 (9th Cir. 2010); McKinney v. Macber, Case No.: 15cv812 H RBB, 2015 WL 10384654, at *5 (S.D. Cal. Dec. 2, 2015).

/ / /

/ / /

In this case, Petitioner's conviction became final on February 28, 2016, sixty days after December 30, 2015, the date when his amended judgment was entered. See Cal. R. Ct. 8.308(a); Marquez, 729 F. App'x at 584; Smith, 871 F.3d at 688. The statute of limitations for federal habeas corpus began to run on February 29, 2016, the day after the judgment became final. See 28 U.S.C.A. § 2244(d)(1)(A); see also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (explaining that the one-year statute of limitations under AEDPA begins to run the day after the conviction becomes final). The statute of limitations period would therefore have expired on March 1, 2017. See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001) ("In computing any period of time prescribed or allowed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included."). Heath constructively filed his federal Petition on October 23, 2017.

Under AEDPA, there are alternate dates from which the limitations period may be calculated. See 28 U.S.C.A. § 2244(d)(1)(B-D). The limitations period may begin to run when a state-created impediment is removed, when a newly recognized constitutional right is recognized or made retroactive, or on the date the factual predicate of the claim could have been discovered with due diligence. Id. Heath has not asserted that any of these circumstances apply to his case, and he has not set forth any facts in his Petition sufficient to warrant calculating the limitations period from a different date. (See Pet., ECF No. 1.)

Because there is no justification for a later start date, the limitations period began to run on February 29, 2016. See 28 U.S.C.A. § 2244(d)(1)(A). Therefore, unless Petitioner is entitled to statutory or equitable tolling, his action is barred by AEDPA's statute of limitations.

### A. **Statutory Tolling**

The one-year statute of limitations for filing a federal habeas petition is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C.A.

§ 2244(d)(2). The interval between the disposition of one state petition and the filing of another may be tolled under "interval tolling." Carey v. Saffold, 536 U.S. 214, 223 (2002). "[T]he statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'" Harris v. Carter, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008) (quoting Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)); see also Carey, 536 U.S. at 222-23 (discussing California's collateral review process). The statute of limitations is tolled from the time a petitioner's first state habeas petition is filed until state collateral review is concluded, but it is not tolled before the first state collateral challenge is filed. Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007) (citing Nino, 183 F.3d at 1006).

Respondent claims that although Petitioner is entitled to statutory tolling, the tolling period is insufficient to make the Petition timely. (Mot. Dismiss Attach. #1 Mem. P. & A. 7-8, ECF No. 10.) According to Allison, after Heath's judgment became final on either February 22 or 29, 2016, (see id. at 7 & n.1), and before he constructively filed his first state petition on June 13, 2016, there were no state petitions pending, and statutory tolling did not apply, (id. at 7 (citing Nino, 183 F.3d at 1006)). Respondent claims that assuming the statute of limitations began to run on February 22, 2016, 112 days of the limitations period elapsed, leaving 253 days remaining. (Id. at 7.) She concedes that Heath had subsequent state petitions pending until the denial of his last state petition on November 9, 2016. (Id. (citing Evans v. Chavis, 546 U.S. 189 (2006) (providing for interval tolling between petitions filed in California if the delay is not unreasonable).) Allison claims that because the statute of limitations is not tolled between the end of state collateral proceedings and the filing of Heath's federal Petition, an additional 348 days elapsed during that period with no tolling, but only 253 days remained in the limitations period. (Id. at 7-8 (citing Lawrence v. Florida, 549 U.S. 327, 332 (2007).) Respondent therefore maintains that the statute of limitations expired and the Petition is untimely. (See id. at 8.)

As discussed above, the limitations period in this case began to run on February 29, 2016. Petitioner constructively filed his first petition for a writ of habeas corpus in the San Diego County Superior Court on June 13, 2016. (Lodgment No. 10, Heath v. Frauenheim, No. HCN1443 (petition for writ of habeas corpus).) This 105–day span does not statutorily toll the one-year limitations period. See Thorson, 479 F.3d at 646 (providing that the statute of limitations is not tolled before the first state collateral challenge is filed). Heath's superior court petition was denied on July 27, 2016. (Lodgment No. 11, In re Heath, [No.] HCN1443, order at 1-3.) Thirty-five days later, on August 31, 2016, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (Lodgment No. 12, Heath v. Frauenheim, D070911 (petition for writ of habeas corpus).) Statutory tolling applies to "intervals between a lower court decision and a filing of a new petition in a higher court . . . ." Carey, 536 U.S. at 223. A petitioner is therefore entitled to statutory tolling "not only for the time that his petitions were actually under consideration, but also for the intervals between filings, while he worked his way up the ladder[,]" Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey, 536 U.S. at 223), so long as those filings are timely, Carey, 536 U.S. at 225-26. In California, a petition for collateral review is timely if filed within a "reasonable" amount of time. Carey, 536 U.S. at 222-23. Because Heath's petition to the California Court of Appeal was filed within thirty-five days and therefore within a "reasonable time," interval tolling applies to the period between the denial of his superior court petition and the filing of the appellate court petition. See Evans, 546 U.S. at 201 (stating that the reasonableness determination should be considered in light of the fact that most states allow approximately thirty to sixty days for filing an appeal).

The California Court of Appeal denied Heath's habeas petition on September 2, 2016. (Lodgment No. 13, In re Heath on Habeas Corpus, D070911, order at 2.) He constructively filed a habeas corpus petition with the California Supreme Court on September 11, 2016, (Lodgment No. 14, Heath v. Frauenheim, No. S237247 (petition for writ of habeas corpus)), which was denied on November 9, 2016, (Lodgment No. 15,

Heath on Habeas Corpus, No. S237247, California Courts, Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov/ (visited July 24, 2018)). "The statute of limitations period is . . . not tolled after state post-conviction proceedings are final and before federal habeas proceedings are initiated." Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006) (citing 28 U.S.C.A. § 2244(d)(2)). A decision of the California Supreme Court becomes final upon filing. Phelps v. Alameda, 366 F.3d 722, 724 n.1 (9th Cir. 2004); Luu v. Beard, No. 13cv1182–MMA (RBB), 2014 WL 2616878, at *12 (S.D. Cal. June 12, 2014); Burton v. Cate, No. 10–1797–WQH(WVG), 2011 WL 4529664, at *4 n.3 (S.D. Cal. June 17, 2011) (citing Cal. Rules of Court, Rule 8.532(b)(2)(C)). The time after the denial of Heath's petition by the California Supreme Court on November 9, 2016, and before the filing of his federal habeas Petition on October 23, 2017, is not statutorily tolled. Petitioner constructively filed his federal Petition 348 days after the California Supreme Court denied his state habeas petition. This period must be counted against the one-year limitation period.

The 105 days that elapsed after Heath's judgment became final on February 28, 2016, and before he filed his state habeas petition on June 13, 2016, must be added to the 348 days between the California Supreme Court's denial of his petition on November 9, 2016, and before Heath constructively filed his federal Petition on October 23, 2017. The two periods when the limitations period was not tolled total 453 days, and exceed the AEDPA's one-year statute of limitations. See 28 U.S.C.A. § 2244(d)(1). Unless Heath can demonstrate that he is entailed to equitable tolling, his Petition is time-barred.

### B. Equitable Tolling

A petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations where "extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted). Equitable tolling of the statute of limitations is appropriate when the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

16

17cv2226-BAS(RBB)

Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner seeking to equitably toll the statute of limitations bears the burden of showing that it should apply to him. Lawrence, 549 U.S. at 336 (observing that a petitioner must satisfy the two requirements for equitable tolling).

"[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (alteration in original) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'" Spitsyn, 345 F.3d at 799 (quoting Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)).

Respondent argues that Petitioner has not pointed to any "extraordinary circumstances" that would warrant equitable tolling in this case. (Mot. Dismiss Attach. #1 Mem. P. & A. 8, ECF No. 10.) Allison also asserts that Heath fails to establish actual innocence because he does not claim "factual innocence of his crime." (Id. at 8-9.) Respondent contends that Petitioner admitted in his plea agreement that he "possessed/transported heroin, cocaine, methamphetamine while armed with a firearm, possessed ammunition, knowingly possessed/used information of another, recklessly evaded police with red lights and sirens, owned and possessed a firearm w/ prior conviction." (Id. at 9.) Further, Heath's probation report contained a "summary of the facts as related in police reports[,]" and he "generally agreed with the accuracy of those reports" during his interview. (Id.) Respondent therefore asserts the limitations period has expired. (Id.)

Petitioner did not oppose the Motion to Dismiss. He neither alleged that equitable tolling should apply in this case nor cited any facts in his Petition explaining his delay in bringing the Petition within the statutory time. Heath has therefore failed to meet his burden of establishing that he has been pursuing his rights diligently and that his failure

17

to timely file the Petition was the result of extraordinary circumstances beyond his control. See Holland, 560 U.S. at 649; Lawrence, 549 U.S. at 336; see also Luu, 2014 WL 2616878, at *2, *13 (finding that petitioner was not entitled to equitable tolling of the statute of limitations, where he did not oppose respondent's motion to dismiss and did not allege any facts in his petition for writ of habeas corpus explaining his delayed filing of the petition).

A "credible claim of actual innocence constitutes an equitable exception to AEDPA's one-year limitations period . . . ." Clark v. Cate, 581 F. App'x. 654, 656 (9th Cir. 2014) (citing McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011)). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." McQuiggin, 569 U.S. at 386. A habeas petitioner must offer "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence . . . ." Larsen v. Soto, 742 F.3d 1083, 1095 (9th Cir. 2013) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)). In this case, Petitioner has not argued that he is actually innocent and has not presented any "new credible evidence" that he is innocent of the multiple crimes to which he pleaded guilty. See Schlup, 513 U.S. at 324; Larsen, 742 F.3d at 1095. Because Heath has not made the required showing, equitable tolling does not apply based on actual innocence doctrine.

Petitioner is not entitled to equitable tolling of the statute of limitations. His Petition is time-barred under AEDPA's one-year statute of limitations. The district court should therefore **GRANT** Respondent's Motion to Dismiss the Petition.

///
///
///
///
///

## IV. CONCLUSION

For the reasons discussed above, the Court **RECOMMENDS** that Kamala Harris be **DISMISSED** as a named Respondent, and Respondent's Kathleen Allison's Motion to Dismiss [ECF No. 10] be **GRANTED**. This Report and Recommendation will be submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **October 5, 2018**. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before **October 19, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: September 6, 2018

*/s/ Ruben Brooks*
Hon. Ruben B. Brooks
United States Magistrate Judge