# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM LYNN HEATH,<br><br>      Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Warden, and XAVIER BECERRA[1],<br><br>      Respondents. | Case No. 17-cv-2226-BAS-RBB<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT & RECOMMENDATION [ECF No. 13];**<br><br>**(2) GRANTING MOTION TO DISMISS [ECF No. 10];**<br><br>**(3) DISMISSING PETITION WITH PREJUDICE [ECF No. 1]**<br><br>**AND**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY** |

  On October 31, 2017, Petitioner Adam Heath, proceeding *pro se* and *in forma pauperis*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Petition alleges sentencing errors, ineffective assistance of trial

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court hereby substitutes Xavier Becerra in the place of former California Attorney General Kamala Harris.

counsel during a plea negotiation and sentencing proceedings, ineffective assistance of appellate counsel, and improper denial of review by the California Supreme Court. (*Id*.) On April 19, 2018, Respondent Allison filed a motion to dismiss the Petition as barred by the statute of limitations, which Heath failed to oppose by the May 28, 2018 deadline for his opposition. (ECF No. 10.) Magistrate Judge Brooks issued a Report and Recommendation (R&R) on September 6, 2018, recommending that the Court dismiss former California Attorney General Respondent Kamala Harris as an improper respondent and grant Respondent Allison's motion to dismiss the Petition as time barred pursuant to 28 U.S.C. § 2244(d)(1). (ECF No. 13 at 19.) Heath had not filed any opposition to the motion to dismiss at the time the R&R issued. (*Id.* at 2.) The deadline for the parties to file any written objections to the R&R was October 5, 2018. (*Id*. at 19.) No objections have been lodged as of the date of this Order.

For the reasons herein, the Court: (1) approves and adopts the R&R in its entirety, (2) dismisses the California Attorney General as an improper respondent, (3) grants Respondent Allison's motion to dismiss the Petition as time-barred, (4) dismisses the Petition, and (5) denies a certificate of appealability,

## ANALYSIS[2]

### A. The R&R's Conclusions are Proper

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district

---

[2] The Court adopts and incorporates the procedural and factual background set forth in the R&R and does not recount it here. (ECF No. 13 at 2–7.)

court had no obligation to review the magistrate judge's report).  "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."  *Reyna-Tapia*, 328 F.3d at 1121.  This legal rule is well-established in the Ninth Circuit and this District. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In this case, the deadline to file written objections to the R&R was October 5, 2018.  (ECF No. 13.)  However, no objections have been filed and neither party has requested additional time to do so.  Consequently, the Court may adopt the R&R on that basis alone.  *See Reyna-Tapia*, 328 F.3d at 1121.  Nonetheless, having conducted a *de novo* review of the Petition (ECF No. 1), Respondent Allison's motion to dismiss (ECF No. 10), and the R&R (ECF No. 13), the Court concludes that Judge Brooks' recommendations are proper.

    **1.  The California Attorney General is not a Proper Respondent**

First, Judge Brooks properly concluded that the California Attorney General is not a proper respondent.  (ECF No. 13 at 9–10.)  Pursuant to Rule 2 of the Rules Governing § 2254 Cases, when a federal habeas petitioner is already in custody, the state officer having custody over the petitioner is the proper respondent.  *See* Rule 2(a), Rules Governing Section 2254 cases, foll. 28 U.S.C. § 2254.  A state attorney general may be named as a respondent only when the petitioner "is not yet in custody—but may be subject to future custody—under the state-court judgment being contested[.]"  *Id*. Rule 2(b).  Because Heath was already in custody pursuant to the state court judgment he challenges in his Petition, the California Attorney General is not a proper respondent.  The California Attorney General is dismissed.

### 2. The Statute of Limitations Bars the Petition

Second, Judge Brooks properly concluded that dismissal is warranted based on the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). (ECF No. 13 at 10–18.) A federal habeas petition may be dismissed with prejudice if it is not filed within the appropriate time period pursuant to AEDPA. *Jiminez v. Rice*, 276 F.3d 478, 482–83 (9th Cir. 2001). AEDPA establishes a 1-year statute of limitation to file a federal habeas petition for "a person in custody pursuant to the judgment of a State court," which begins to run, in relevant part, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Although the 1-year statute of limitations can be calculated based on the "latest" of several other grounds in addition to the ground identified in Section 2244(d)(1)(A), *see* 28 U.S.C. § 2224(d)(1)(B)–(D), the Petition does not set forth any facts or arguments that suggest any of these other grounds are applicable. (*See generally* Pet.) Therefore, Heath's Petition is subject to the 1-year statute of limitations calculated from the date on which the judgment he challenges became final.

Judge Brooks correctly applied the statute of limitations in this case. As Judge Brooks determined, the relevant date for computation of the statute of limitation is the expiration of the time for Heath to file a direct appeal from his amended judgment, as opposed to the original judgment. (ECF No. 13 at 11–12); *see Marquez v. McDaniel*, 729 Fed. App'x 583, 584 (9th Cir. 2018) ("Where an amended or corrected judgment is entered, a prisoner is held under that amended or corrected judgment," and "the one-year period runs from the date of the amended judgment[.]") (citing *Smith v. Williams*, 871 F.3d 684, 688 (9th Cir. 2017))). In this case, the California Superior Court entered a new abstract of judgment on December 30, 2015, which reduced Heath's prison sentence to seventeen years and four months. (ECF No. 13 at 11 (citing Lodgment No. 9).) Heath then had sixty days to appeal that

judgment pursuant to California appeals procedure, which means that his conviction became "final" on February 28, 2016. (*Id.* at 12 (citing Cal. R. Ct. 8.308(a)).) Heath's statute of limitations began to run on February 29, 2016. *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

Judge Brooks correctly reasoned that Heath was entitled to a statutory tolling of the AEDPA statute of limitations during the pendency of his California state habeas petition from the time of its constructive filing in California Superior Court on June 13, 2016 until the conclusion of all collateral review proceedings on November 9, 2016, when the California Supreme Court denied the state petition. (ECF No. 13 at 14–15); *see also* 28 U.S.C. § 2244(d)(2) (tolling statute of limitations while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"); *Harris v. Carter*, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008).

Even with the statutory tolling, however, Judge Brooks correctly determined that the time that counts toward AEDPA's statute of limitation bars Heath's Petition. As Judge Brook reasoned, the time period before Heath filed his state habeas petition after the amended judgment became final and the time after the California Supreme Court denied Heath's state petition until the filing of the Petition count against AEDPA's statute of limitations. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Phelps v. Alameda*, 366 F.3d 722, 724 n.1 (9th Cir. 2004). Computing the time period based on this intervals, Heath filed his federal Petition a total of 453 days after the amended state judgment became final and over two months past the 1-year deadline. Thus, the Petition is barred by AEDPA's 1-year statute of limitations.

Finally, Judge Brooks soundly reasoned that Heath is not entitled to equitable tolling of AEDPA's statute of limitations because Heath has not opposed Respondent Allison's motion to dismiss and the Petition does not allege any facts that would explain his delay in bringing a timely Petition. (ECF No. 13 at 17–18); *Luu v. Beard*, No. 13cv1182–MMA (RBB), 2014 WL 2616878, at *2, 13 (S.D. Cal. June 12, 2014).

Accordingly, it is proper to approve and adopt the R&R's recommendation to grant Respondent Allison's motion to dismiss the Petition as time-barred by AEDPA.

## B. The Court Declines to Issue a Certificate of Appealability

Pursuant to Rule 11 of the Rules following 28 U.S.C. § 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Maciel v. Cate*, 731 F.3d 928, 932 (9th Cir. 2013). Based on a review of the Petition, the record, and the R&R (ECF Nos. 1, 13) as well as Petitioner's failure to pursue his Petition since its filing, the Court cannot find that any of these grounds applies. Reasonable jurists would not find debatable or wrong that the Petition is time-barred by AEDPA or that Petitioner has not met his burden to show that equitable tolling is appropriate. Accordingly, the Court declines to issue Petitioner a certificate of appealability.

## CONCLUSION & ORDER

For the foregoing reasons, the Court hereby: (1) **APPROVES** and **ADOPTS** the R&R in its entirety (ECF No. 13); (2) **DISMISSES** the California Attorney General as a Respondent; (3) **GRANTS** Respondent Allison's motion to dismiss (ECF No. 10); (4) **DISMISSES** the Petition **WITH PREJUDICE** (ECF No. 1); and (5) **DENIES** Petitioner a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: October 9, 2018**

Hon. Cynthia Bashant
United States District Judge